# BANK OF THE STATE OF ALABAMA v. COMEGYS,

## ET ALS.

1. In a suit by the bank, against the cashier on his bond, to recover damages, because he had failed to protest a bill of exchange, left with the bank for collection, it was proved that it was the duty of the cashier to attend to this department. It was also proved, that a resolution was introduced by a director, and passed, requiring the cashier so to arrange the duties of the various officers of the bank, as to give to Mr. Ball, (an officer of the bank,) the necessary assistance in his department. Under this resolution, a written memorandum of the various duties of each officer was drawn up and signed by all the officers, except two, by which Mr. Saunders, the second book-keeper, was charged with the duty of attending to the collecting register, and proceeded to discharge, and did discharge, that duty, until after the default complained of. This memorandum, agreed on by the officers of the bank, was by Comegys, laid on the table of the board of directors, when in session, but it was not proved that it was read, or acted on by the board: Held, that it was a reasonable inference, that the board of directors assented to, and approved of this arrangement of the officers of the bank—that as they did not dissent from it, they must be considered as acquiescing in the arrangement so made.

Writ of Error to the Circuit Court of Tuscaloosa.

THE plaintiffs in error brought an action of debt against the defendants, in the circuit court of Tuscaloosa county, and declared on a bond by them executed, and conditioned, that if Edward F. Comegys, one of the defendants, should perform all the duties required of him as cashier of said bank, then said bond to be void, otherwise to remain in full force; and then by way of breach of condition, set forth that certain

bills of exchange were deposited with said bank for collection ; that they were not protested at maturity, whereby the bank was charged with the payment of them, and that it was the duty of said Comegys to attend to the collection of them, and to have them protested for non-payment, if not paid at maturity. Issues being joined, the cause was submitted to a jury, and on the trial a bill of exceptions was taken, which presents the following facts. The plaintiffs in error introduced a resolution of the board of directors, passed in the year 1828, whereby it was made the duty of the cashier of said bank to attend to the collection of bills and notes placed in said bank for collection ; and also proved, that the predecessors of Comegys, in the office of cashier, attended to the collection of bills and notes, left with the bank, and handed them out to a notary for protest, if not paid. The defendants in error proved, that Comegys was elected cashier in the year 1836, and continued in office until 1840, and then read a resolution in the following words, passed 16th August, 1837:

*Resolved*, that the cashier be required to regulate the duties of the officers of the bank, so as to render Mr. Ball, the necessary assistance in his department.

The defendants then introduced a memorandum in writing, made shortly after the adoption of the resolution of the 16th August, 1837, which was signed by the cashier, and all the other officers of the bank, except the teller and one clerk ; which paper, or memorandum, contained a specification of the duties of the respective officers of the bank ; and by the terms thereof, it was made the duty of the second book-keeper, to receive all bills and notes handed said bank for collection, and to file them away, after calculating the time when they may fall due ; to the admission of which memorandum, the plaintiff objected, but the objection was overruled.

The defendant then offered a witness, who was a director of said bank, who stated, that he had offered the resolution of the 16th August, 1837, and soon after, he went into the bank, and inquired if the matter of difficulty had been arranged, he was answered, that it was reduced to writing—shortly afterwards, Comegys came into the directors' room, and

the witness thinks the board was in session, and laid a paper on the table, and said, there was the arrangement made with the clerks of the bank, but thinks the paper was not read or acted on. Another director proved the same facts, with the addition, that he picked up the paper to examine if his son-in-law, who was a clerk in said bank, had signed it. Another director stated he saw the paper on the table, but it was not acted on. The defendant also proved, that subsequent to this agreement, or regulation of the duties of the officers of the bank, one Saunders, 2d book-keeper, discharged the duties assigned him up to the time, and after the default complained of was made. That at the time of receiving said bills of exchange, Comegys handed them to Saunders to register them, to note the time when they fell due. That said Saunders noted them on the books, as falling due on the first and fourth of February, when they fell due the first and fourth of January. It was also shown, that Saunders was a notary public, and usually acted as the notary of the bank. That after the bills were registered, they were placed in pigeon holes, kept for the purpose, and that it was the habit of said Saunders, to examine these pigeon holes every day, and to protest such paper as was not paid. Said Saunders also stated, that he had no doubt, that he would have protested said bills, but for the mistake in registering them. The plaintiff then proved, that Mr. Hawn, the successor in office of the defendant, attended himself to the registering of paper for collection, and of handing it out for protest. That this was the course Comegys pursued, before the agreement, but Saunders stated, that he sometimes attended to this for Comegys before the agreement, as well as after, but that he always considered he was acting gratuitously, for the benefit of Comegys.

It was shown that Saunders was a competent officer, and well qualified to discharge the duty assigned to him by said agreement.

On this evidence, the defendant requested the court to charge the jury, that if said Comegys laid said paper on the table of the said directors, whilst they were in session, and informed them, that it contained the assignment of the duties

of the officers of the bank, under the resolution of August 16th, 1837, and the board of directors did not object to the same, nor give notice that they did not assent to the same, and the officers of the bank afterwards discharged the duties assigned them by said agreement, that it was a ratification by the bank of said assignment of duties—which charge the court gave. The plaintiff's counsel moved the court to instruct the jury, that under the resolution of August, 1837, Comegys had no authority to make the agreement, or to shift off from himself any legal responsibility; which charge was refused, and the court charged, that if Comegys presented said agreement to the board of directors, and they did not object to it, or give notice of their dissent to it, to Comegys, then the bank would be considered as acquiescing in the same, and would bind the plaintiff. The plaintiff also requested the court to charge the jury, that they must be satisfied, that the agreement was read to the board of directors, or its contents known to them, or they could not be held to have acquiesced in the same; which was refused, and the court charged, that if Comegys laid the same before them, and informed them that it contained the assignment of duties under said resolution, the board would be considered as acquiescing in the same, unless they informed Comegys of their dissent.

A verdict was returned for the defendants, and judgment being rendered thereon, the plaintiff assigns for error the charges of the court as given, and the refusal to charge as requested.

P. Martin and Nooe, for plaintiff in error, made the following points:

1. It was the duty of Comegys to attend to the collecting register.

2. That the bank never recognized the arrangement of duties, as prescribed in the written agreement, between Comegys and the officers of the bank.

3. That the resolution of the 14th August, 1837, did not authorize Comegys to relieve himself from any of his duties, or his responsibilities.

A. F. HOPKINS and E. W. PECK, for the defendant made the following points:

1. That the directors had the power to prescribe the duties to each officer of the bank.

2. That this power could be exercised by an agent.

3. That under the resolution of the 16th August, the arrangement of the duties, as set forth by the written agreement, between the officers, under the evidence, was binding on the bank.

DARGAN, J.—Whether the court erred in the charge given, or in refusing to charge as requested by the plaintiff in error, depends on the question, whether it was the duty of Edward F. Comegys, the cashier of the bank, at the time of the omission to have the bills protested, to attend to the collecting register, as it is called. That is, was it his duty to receive the bills and notes left with the bank for collection, to register them in the books of the bank, to note the time they became due, and if not paid at maturity, to hand them to a notary to be protested. This was the duty of the cashier, as is fully shown, from 1828 up to the year 1837—on the 16th of August, 1837, the board of directors passed a resolution, requiring Edward F. Comegys, the cashier, so to arrange the various duties of the officers of the bank, as to give to Mr. Ball, the necessary assistance in his department. Under this resolution, a written memorandum of the various duties of each officer was drawn up, and signed by all the officers except the teller, and one clerk; and by this memorandum, or arrangement of the duties of the officers, Mr. Saunders, the second book-keeper, was charged with the duty of attending to the collecting register. This instrument, which particularly specifies the duties allotted to each officer, was laid on the table of the directors, whilst they were in session, by Comegys, and he then informed them that it contained the arrangement of the duties of the officers of the bank, under the resolution of the 16th of August. No dissent to this assignment of the duties of the officers was expressed by the board, nor by any director, and the officers went on to discharge their duties, in the manner set forth in this me-

morandum, until after the default happened—which is complained of. Under these circumstances, is it to be inferred that the board assented to this arrangement of the duties of the officers of the bank?

It is certainly law, that the assent of a corporation may be presumed, to acts done for, and on their account. [9 Ala. R. 513, 516; 6 Ala. R. 657; 2 Ib. 451.] So when an individual does an act, as the agent of a corporation, the agency may be shown by a corporate act, or inferred from the same evidence, that would justify the inference in the case of a natural person. [2 Ala. Rep. 451; 13 Peters, 519; 4 B. & C. 575.]

These authorities establish, that the assent, or approval, of a corporation to acts done on its account, may be inferred, in the same manner, that the assent of a natural person may be. This being the law, we can arrive at no other reasonable conclusion, than that the board of directors assented to, and approved of, this arrangement of the duties of the officers of the bank. The board of directors certainly possessed the power to arrange, or prescribe the duties each officer should perform, and this power could be exercised by an agent.

The arrangement therefore, of the duties of the officers, as set forth in the memorandum, is the act of, and is binding on the bank; consequently it was not the duty of Comegys, at the time the default happened, to attend to the protesting of the bills, and notes, left in bank for collection; therefore, the memorandum of the duties of the officers of the bank was properly admitted as evidence, and the court did not err in the charge given, nor in refusing to give the charges requested by the plaintiff in error. The judgment is consequently affirmed.