## JONES, Adm'r, *vs.* TRUSTEES FLORENCE WESLEYAN UNIVERSITY.

[ACTION ON SUBSCRIPTION TO ENDOWMENT FUND OF UNIVERSITY, &c.]

1. *Subscription, terms of; acceptance of by corporation; how may be proved.* The acceptance by the trustees of an incorporated university of the terms of a subscription to its endowment fund may be proved by parol testimony.
2. *Corporations, entries in; when inadmissible as against third persons.*—Entries in the books of a private corporation relative to any property or right claimed by it, are inadmissible as evidence to establish such rights against third persons.
3. *Subscription; what sufficient evidence of acceptance of.*—Liability or expense incurred by an educational incorporation on the faith of subscriptions made to its endowment fund, is evidence of its acceptance of the subscription with the terms imposed.

APPEAL from the Circuit Court of Lauderdale.
Tried before Hon. JAMES S. CLARK.

The appellees as plaintiffs claimed of defendant damages for the breach of an agreement made by the defendant's intestate, in 1859, to pay $1000 in stock of the Memphis and Charleston Railroad Company on the 1st January, 1860, as an endowment of the university. The matters of defense were set up, by consent, under the plea of *non assumpsit.*

The plaintiff gave in evidence, after proving its execution, a paper signed by defendant's intestate and quite a number of other persons, which bound each subscriber to transfer the amount placed opposite his name, in the stock of the Memphis & Charleston Railroad Company, to the university for its endowment by the 1st of January, 1860.

It contained two conditions upon which the subscription was made. 1st. Each subscriber of $500 was to receive a perpetual and transferable scholarship. 2d. If the university should cease to exist, or be removed, the stock was to revert to the original grantor, his heirs or assigns.

George W. Karsner was allowed to testify on behalf of the plaintiff that he was the treasurer of the corporation, (this fact was also shown by the books of the corporation), and as such, the custodian of the subscription list, and it was his understanding that the plaintiffs agreed to accept the terms and conditions of the subscription, but he could not tell when or where they did so. He further testified that he was instructed by the plaintiffs to procure the transfer of the stock subscribed, and succeeded to a considerable extent. An objection to this testimony, on the ground that the facts stated could only be shown by the records of the corporation, was overruled.

The witness, Karsner, further testified that the trustees of the university had received said subscription list from their agent, W. H. Brown, who solicited and obtained it, and retaining it ever since had collected many of the subscriptions. It was further proved, that upon the faith of these subscriptions they had employed professors and incurred other expenses; that they had always been willing and ready to give defendant's intestate, in his life time, a scholarship on payment of his subscription, and were still willing now to give a scholarship to defendant on the transfer of the railroad stock, &c.; that at the time of the subscription the university was in full operation, and so continued until forced to suspend during the late war by the occupation of the country by hostile armies; that a school of high grade was, however, kept up by one or two professors; that in 1869 all the professorships were filled, and that at the time of the trial the university was in full operation, and students were being received and educated under the scholarships transferred to subscribers who had complied with the terms of their subscriptions. Karsner testified that defendant's intestate never, in his life time, withdrew said subscription or expressed a desire to do so, so far as he knew. There was evidence tending to show a demand on defendant, requiring compliance with the terms of the subscription, &c., and a refusal, &c., and an offer on the part of the plaintiffs to comply on their part.

The books of the corporation were then introduced as

evidence, both parties reading from them such extracts as tended to support their respective claims. It seems from these records that the trustees at different times prescribed different terms of the endowment they were seeking, but it was not shown that they obtained any subscriptions on other conditions than those mentioned in the agreement, or subscription list, the foundation of this action. There was nothing else in these books in any way differing from the parol evidence herein above set out. The court also allowed the plaintiffs, against the objection and exceptions of defendants, to introduce evidence tending to show they did not always preserve a record of their meetings and proceedings.

This was, in substance, all the evidence having any bearing on the case, and the court below charged the jury, in substance, as stated in the opinion, that a proposition made by one party and accepted by the other within a reasonable time and before it was withdrawn, was binding on both ; that liability or expense incurred by the plaintiffs on the faith of the subscription, was sufficient evidence of assent to its terms, and an acceptance of it. To this charge defendant excepted.

Among other charges asked by defendant and given the court, the defendant asked the following, which were refused :

"1st. That said alleged contract of his intestate was without consideration."

" 2. That there is no mutuality in said supposed contract."

" 4. That if the jury believe from the evidence that the said supposed contract of his intestate was not accepted by the board of trustees of the Florence Wesleyan University, at a meeting of said board, at which seven members were present, or by some agent appointed at a meeting of said board, at which seven members were present, then the plaintiff can not recover in this action."

"5. That if the jury believe from the evidence that the said supposed contract was materially variant from the propo-

sition authorized by the board of trustees, neither party was bound by said contract."

"6. That if the jury believe that the scholarships proposed by the board were materially variant from those proposed on his intestate's supposed contract of subscription, then he was not bound to accept the same."

"11. That if the jury believe from the evidence that defendant's intestate, after signing said supposed contract, either died or changed his intention as to complying with the terms of said agreement before he had notice of an acceptance of the terms of said subscription by the plaintiff, then they must find for the defendant."

To the refusal to give these charges, the defendant duly excepted. There was a verdict and judgment for the plaintiff, and defendant appeals, and here assigns among other errors—

1. Allowing Karsner to prove, by parol, the acceptance of the subscription by defendant, and his understanding that the plaintiff agreed to accept the same.

2. The charge given.

3. The charges refused.

JOSIAH PATTERSON, for appellant.
E. A. O'NEAL, *contra*.

(No briefs came into Reporter's hands.)

B. F. SAFFOLD, J.—Persons acting publicly as officers of a corporation are presumed to be rightfully in office. Not only the appointment, but the authority of the agent of the corporation, may be implied by the adoption or recognition of his acts by the corporation or its directors. *State Bank v. Comegys*, 12 Ala. 772 ; Ang. & Ames on Corp. § 284. Although, as a general rule, corporation books are evidence of the acts and proceedings of the corporate body, when they are properly kept, entries in them of matters relative to any property or right claimed by the corporation can never be evidence, unless made so by an act of the legislature, to establish such rights against third

parties.—*Phil. R. R. Co. v. Hickman*, 28 Penn. St. R. 318 ; Ang. & Ames on Corp. § 679. Wherever a corporation is acting within the scope of the legitimate purposes of its institution, all parol contracts made by its authorized agents, are express promises of the corporation ; and all the duties imposed on them by law, and all benefits conferred at their request, raise implied promises, for the enforcement of which an action may well lie.—*Bank of Columbia v. Patterson's Adm'r*, 7 Cranch, 306. From these authorities and from the necessity of the case, as well as the tendency of our legislation to assimilate corporations acting within their chartered powers to persons, the objections to Karsner's testimony, and other parol testimony of the plaintiffs, was properly overruled.

The charges of the court, to which exception was taken, asserted, in substance, that a proposition made by one party and accepted by the other, within a reasonable time, and before it was withdrawn, was binding on both ; and that liability or expense incurred by the plaintiff on the faith of the subscription was sufficient evidence of assent to its terms, and an acceptance of it. In the absence of any testimony to the contrary, there was certainly no error in this. The first and second charges asked by the defendant were properly refused. The fourth was, also, objectionable, because the jury might find that the contract was made between the parties on other evidence than that specified. The fifth and sixth were incorrect, because either party was at liberty to accept a proposition made by the other. The eleventh was properly refused, because there was no evidence that the defendant's intestate ever desired to withdraw his subscription.

The judgment is affirmed.